# Exhibit "1"

Filed
7/26/2021 3:54 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2021CVA001406D1

CAUSE NO. 2021CVA001406D1

| | | |
|---|---|---|
| MIGUEL ANGEL VIESCA | § § § | IN THE DISTRICT COURT |
| VS. | § § § § | _____ JUDICIAL DISTRICT |
| MOLDEX, INC., and IGOR PAK | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MIGUEL ANGEL VIESCA**, Plaintiff herein, complaining of **MOLDEX, INC.** and **IGOR PAK**, Defendants herein, and would show the Court as follows:

1.

1.1 Plaintiff affirmatively pleads that he seeks monetary relief of over $1,000,000.00 and unless the Court orders a discovery control plan pursuant to Rule 190.4, TEX. R. CIV. PROC., this case is subject to the Level 3 limitations of Rule 190.3, TEX. R. CIV. PROC.

2.

## PARTIES

2.1 Plaintiff **MIGUEL ANGEL VIESCA** is a resident of Laredo, Webb County. Texas and resides at 1005 N. Malinche Avenue, Laredo, Webb County, Texas 78043.

2.2 Defendant, **MOLDEX, INC.**, is a corporation that is incorporated under the laws of the State of Indiana. Defendant **MOLDEX, INC.** has its principal place of business

in the State of Indiana. Pursuant to 49 CFR 399, et seq. Defendant **MOLDEX, INC** as an interstate motor carrier has designated Eric B. Darnell, P.C., 1017 Montana Avenue, El Paso, Texas 79902, as agent for service of process.

Defendant **MOLDEX, INC**, at all times material to this action, has engaged in business in Texas, as more particularly described below. Defendant does not maintain a place of regular business in Texas, however, the cause of action asserted arose from or is connected with purposeful acted committed by the Defendant in Texas in that Defendant operates a cross-country commercial trucking company. Its fleet of trucks crisscross Texas roadways on a daily basis and pickup and deliver all manner of merchandise from Texas merchants, shippers, and distributors. As such, they have established a general presence in this state and this Defendant has engaged in continuous and systematic activities in Texas. This Defendant has purposely, by action or conduct, directed activities toward the forum state (Texas) and has and is doing business in this State. This Defendant, due to contracts with and sales to Texas residents, contacts with Texas, and marketing and sales in this State, anticipated or should have anticipated the use of Texas courts as a result of such contacts. Litigating in Texas is not unreasonably inconvenient for this Defendant.

2.3    Defendant, **IGOR PAK** is an individual and citizen of the State of New York. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and

complaint by certified or registered mail, return receipt requested, to Defendant **IGOR PAK's** place of abode at 1200 Gravesend Neck Road #2k, Brooklyn, New York 11229.

## VENUE

3.1  Venue is proper in Webb County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Webb County, Texas.

## FACTS

4.1  Plaintiff, **MIGUEL ANGEL VIESCA**, would show the Court that on or about October 21, 2020, in Laredo, Webb County, Texas, he was driving a 2017 Ford Mustang and he was traveling north bound on the 3700 block of US Highway 83. Plaintiff was coming to a stop as he was yielding the right of way to an emergency vehicle. Defendant **IGOR PAK** was driving a 2018 Volvo Tractor Trailer combination and was traveling north bound on the 3700 block of US Highway 83 behind the Plaintiff's vehicle. On said date, Defendant **IGOR PACK** failed to control his speed and maintain an assured clear distance from his tractor trailer and the Plaintiff's vehicle resulting in a violent rear end collision. As a result of the collision, Plaintiff **MIGUEL ANGEL VIESCA** suffered injuries to his head, neck, shoulders and back.

## NEGLIGENCE OF DEFENDANT IGOR PAK

5.1  The occurrence made the basis of this lawsuit and the Plaintiff's resulting injuries and damages were proximately caused by the negligence, and negligence per se, of Defendant, **IGOR PAK,** in one or more of the following respects:

a.  In failing to keep a proper lookout for other traffic as a

       reasonable and prudent person would have done under the same or similar circumstances;

b.     In failing to make a timely application of his brakes as a reasonable and prudent person would have done under the same or similar circumstances;

c.     In failing to take proper evasive action in order to avoid the collision and driving at an unsafe speed;

d.     In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

e.     In failing to maintain an assured clear distance between his vehicle and the Plaintiff's vehicle in violation of Texas Transportation Code §545.062(a); and

f.     In driving the 2018 Volvo tractor trailer combination in a willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401.

5.2    Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence, and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## NEGLIGENT ENTRUSTMENT

6.1    Plaintiff would show that on the occasion in question, Defendant, MOLDEX, INC, owned the 2018 Volvo Tractor Trailer driven by Defendant, IGOR PAK, which tractor trailer was involved in the collision made the basis of this lawsuit. Defendant MOLDEX, INC., was negligent in entrusting said vehicle to Defendant IGOR PAK who was an unskilled, incompetent, and reckless driver. They were negligent in that they knew or through the exercise of ordinary care, should have known that IGOR PAK was not qualified to operate a commercial vehicle in the United States. Such negligent acts on the

part of Defendant MOLDEX, INC. were done with conscious indifference to the rights and safety of others and were a direct and proximate cause of the collision in question and producing cause of the damages suffered by the Plaintiff.

## RESPONDEAT SUPERIOR

7.1     Plaintiff alleges that at the time of the collision described above, Defendant IGOR PAK was the agent, servant, and/or employee of Defendant MOLDEX, INC., and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant MOLDEX INC. Defendant IGOR PAK was operating the 2018 Volvo Tractor Trailer on the public streets and highways of the State of Texas in furtherance of Defendant MOLDEX, INC's business. Defendant IGOR PAK was operating the 2018 Volvo Tractor Trailer with the knowledge, and consent of Defendant MOLDEX, INC. Therefore, Defendant MOLDEX, INC is liable under the doctrine of Respondeat Superior.

8.

8.1     In the alternative, Plaintiff would show that on the occasion in question and at all relevant times, Defendant MOLDEX, INC was negligent in various acts and omissions, including, but not limited to the following:

g.      Failing to properly investigate the driving competence of Defendant, IGOR PAK;

h.      Failing to properly investigate the driving history of Defendant, IGOR PAK;

i.      Failing to properly investigate the background of Defendant, IGOR PAK as it may relate to Defendant's competence and suitability as a driver;

j.      Failing to properly train Defendant, IGOR PAK in the safe operation of the 2018 Volvo Tractor Trailer on the public highways and streets of the State of Texas; and

k.      Failing to properly supervise Defendant, IGOR PAK to assure that he was safely operating the 2018 Volvo Tractor Trailer on the highways of the State of Texas.

8.2     Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein below.

9.

9.1     The acts and omissions of Defendant MOLDEX, INC complained of herein created an extreme risk of harm to the public and the serious injury to the Plaintiff. Defendant MOLDEX, INC, through their Vice-Principal(s) was aware of the extreme risk of harm that his acts and omissions created. The acts and omissions of Defendant MOLDEX, INC were committed with such conscious indifference and callous disregard for the safety and welfare of others that his conduct constitutes gross negligence as defined by § 41.0001. et seq. of the Tex. Civ. Prac. & Rem. Code.

9.2     Defendant MOLDEX, INC, acting by and through its Vice Principal(s) were negligent in the hiring, supervising, and retention of Defendant IGOR PAK. Defendant MOLDEX, INC had a duty to make reasonable inquiry into the competence and qualifications of any motor vehicle operators entrusted with the operation of a company vehicle. Further, allowing an unfit and unqualified individual such as Defendant IGOR PAK to operate a company vehicle was not only negligence per se, but reckless and wanton corporate conduct constituting gross negligence per se. Upon information and belief,

Defendant MOLDEX, INC has abjectly disregarded their responsibilities and duties under state and federal law in the past and this repeated pattern of neglect and indifference has resulted in the serious personal injuries to Plaintiff and those similarly situated.

## DAMAGES

10.1 Plaintiff **MIGUEL ANGEL VIESCA,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, he sustained injuries to his head, neck, low back, upper back, shoulders trauma to his body as a whole, and he has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; he has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; he has suffered disfigurement. Plaintiff **MIGUEL ANGEL VIESCA** has incurred reasonable and necessary medical expenses for the proper treatment of his injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

11.

11.1 Plaintiff further alleges that he is entitled to recover prejudgment and post judgment interest at the legal rate as provided by Section 304.001 et. seq. of the V.T.C.A., Finance Code.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be served with citation and required to appear and answer this petition, and that upon final hearing hereof, Plaintiff have judgment against the Defendants for Plaintiff's damages as alleged herein, together with prejudgment and post-judgment interest as provided by law, costs of court, and such other and further relief, both general and special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER HEREDIA SALINAS & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852-4598
Telephone No.: 830/773-9228
Telecopier No.: 830/773-2582
E-Mail: rolando.salinas@knicklaw.com

By: __/S/ *Rolando Salinas*__
**Rolando Salinas**
State Bar No. 24075002

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY

NOW COMES, **MIGUEL ANGEL VIESCA**, Plaintiff in the above entitled and numbered cause, and respectfully demands a trial by jury.

/S/ *Rolando Salinas*
**Rolando Salinas**